UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Rudell Williams, # 21405, | C/A No. 8:13-2137-JMC-JDA |
| Plaintiff, | |
| vs. | Report and Recommendation of Magistrate Judge |
| Thomas Russo, *Judge*; Doris B. Holmes, *Saluda County Clerk of Court*; Rodney Pruitt, *a Williston Police Officer*, | |
| Defendants. | |

## *Background*

Plaintiff is a pre-trial detainee at the Laurens County Detention Center. In the above-captioned case, Plaintiff has brought suit against a South Carolina Circuit Judge, the Clerk of Court for Saluda County, and the arresting officer.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of a bench warrant issued by the Court of General Sessions for Saluda County on June 20, 2013. Defendant Pruitt arrested Plaintiff pursuant to the bench warrant at Plaintiff's residence in Williston (Aiken County). Specifically, Plaintiff alleges: *(1)* Judge Russo improperly ordered the issuance of a bench warrant for Plaintiff on June 20, 2013; *(2)* the bench warrant was not signed by Judge Russo; *(3)* Plaintiff's Due Process rights were violated; *(4)* Rodney Pruitt should have "look[ed] over" the bench warrant before arresting Plaintiff; and *(5)* there is a discrepancy between the

bench warrant number and case number because the "bench warrant was fabricated to seem valid by using the original arrest warrant number." In his prayer for relief, Plaintiff seeks "financial relief" in the amount of three million dollars for lost wages and false imprisonment.

## *Discussion*

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009).  Even when considered under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and

laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Defendant Holmes Entitled to Immunity**

Defendant Holmes is immune from suit under § 1983. Defendant Holmes is the Clerk of Court for Saluda County. [Doc. 1.] County Clerks of Court are part of the State of South Carolina's unified judicial system, *see* S.C. Code Ann. §§ 14-1-40, 14-17-10, and are authorized by state law to issue bench warrants, *see* S.C. Code Ann. § 14-17-260.[2] As such, the doctrine of quasi-judicial immunity provides protection from suit to Defendant Holmes. *See Newton v. Buckley*, 127 F.3d 1109, No. 96-4202, 1997 WL 642085, at *4 (10th Cir. Oct. 17, 1997) (unpublished table decision) ("The circuits are in general agreement that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity."); *see also Foster v. Walsh*, 864 F.2d

---

[2] Specifically, South Carolina law provides that

> [t]he clerk shall
>
>> (a) issue every execution, bench warrant or other process issuable or directed to be issued by the courts of sessions, in the name of the Attorney General or solicitor of the circuit, (b) issue all rules and notices ordered in the common pleas, (c) attest in his own name under the seal of the court, all writs and processes issued either in the common pleas or sessions and (d) sign officially all judgments and state the time when each is signed and entered.

S.C. Code Ann. § 14-17-260.

416, 417–18 (6th Cir. 1988) (holding clerk enjoyed absolute immunity from suit stemming from erroneously issued arrest warrant); *Abebe v. Propes*, No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (recognizing doctrine of quasi judicial immunity has been adopted for court support personnel performing duties pursuant to judicial orders or court rules), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

**Complaint Fails to State a Claim Against Defendant Pruitt**

While the Fourth Amendment guarantees the "right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized," the law is clear that "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996). Arresting officers are generally entitled to rely on a facially valid warrant in effecting an arrest because the officers' duty is not to assess guilt or innocence but merely to serve the warrant:

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a § 1983 action—is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of

>such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (footnote omitted).

Taking Plaintiff's allegations as true, there is no basis for concluding that the bench warrant was not facially valid. *See Harrison v. Sumter Cnty. Sheriff's Dep't*, No. 2:07-3555-PMD-GCK, 2008 WL 553181, at *3 (D.S.C. Feb. 25, 2008) (determining arrest warrants were facially valid even though they listed dates in 1998 and 1999 and plaintiff was arrested in 2005). Moreover, because the bench warrant was signed by the Clerk of Court for Saluda County, Defendant Pruitt was not required to conduct his own evaluation of the bench warrant. *Baker v. McCollan*, 443 U.S. at 145–46. Accordingly, Plaintiff has failed to state a claim against Defendant Pruitt.

**Judge Russo Entitled to Immunity**

The Court of General Sessions for Saluda County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n.1 (S.C. 1988); and *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (S.C. 1975). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 374 S.E.2d 674, 675–78 (S.C. 1988).

Because Judge Russo was acting in his official capacity as a South Carolina Circuit Judge when he set Plaintiff's bond and later revoked Plaintiff's bond, Judge Russo is

immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**Claims Against Defendants Holmes and Pruitt are Repetitive Claims**

In *Gerald Rudell Williams v. Ronnie Pruitt, Police Investigator, Williston Police Department; and Doris B. Holmes, Saluda County Clerk of Court*, Civil Action No. 8:13-1812-JMC-JDA, Plaintiff brought a civil rights action against two of the defendants in the above-captioned case. In a Report and Recommendation filed on July 17, 2013, the undersigned recommended summary dismissal of the case because the arrest warrant was valid and the Clerk of Court was immune from suit. Plaintiff has been apprised of his right to file timely written objections to the Report and Recommendation in Civil Action No. 8:13-1812-JMC-JDA and of the serious consequences of a failure to do so.

This Court may take judicial notice of Civil Action No. 8:13-1812-JMC-JDA. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving

district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The above-captioned case is subject to summary dismissal for many of the same reasons that Civil Action No. 8:12-1812-JMC-JDA is subject to summary dismissal. *See Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (quoting *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 16, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).